### RUMP et al. v. VAN RENSSELAER REALTY CO.

(Supreme Court, Appellate Division, First Department. May 6, 1910.)

CORPORATIONS (§ 550*)—ASSIGNMENTS FOR CREDITORS—ACTION TO SEQUESTRATE PROPERTY—TEMPORARY RECEIVER.

An assignee for creditors having qualified, till the assignment is set aside, or in a direct action therefor, the court stays his control over the corporate funds, or substitutes some one for him, his right to custody of assets of the assigned estate is complete, and it is error on motion to appoint a temporary receiver in an action to sequestrate the corporate property, in effect to set aside the assignment, and hence it was error to refuse the assignee's application to modify the order of appointment in such case so as to expressly provide for his continuance in control of the estate.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 550.*]

Appeal from Special Term, New York County.

Action by Henry Rump and another, doing business as Rump Bros., against the Van Rensselaer Realty Company. From an order denying a motion to resettle an order appointing a temporary receiver of defendant, George H. Hicks, its assignor for creditors, appeals. Reversed.

Argued before INGRAHAM, P. J., and CLARKE, McLAUGHLIN, SCOTT, and DOWLING, JJ.

Ralph Q. Kelly, for appellant.
Edward B. Levy, for respondents.

DOWLING, J. The plaintiffs have commenced this action to sequestrate the property of the defendant corporation. On February 2, 1910, there was granted an order to show cause why a temporary receiver should not be appointed of the property of the defendant, which was served on February 3d, and returnable on February 4th. On the morning of February 4th, and before the argument of the motion, the defendant made a general assignment for the benefit of its creditors, to its president, George H. Hicks. The court granted

---

the order appointing a temporary receiver under date of February 10, 1910, and thereafter the said George H. Hicks, as general assignee of the defendant, moved in terms for a resettlement of the order appointing the receiver, but in fact, for a modification of said order, attaching to his moving papers a copy of the proposed order which in no wise interfered with the appointment of the temporary receiver, but added the following clause:

"This order shall in no way enjoin or restrain the said George H. Hicks, as general assignee of the defendant, from collecting and receiving and obtaining the assets and property of said corporation assigned to him by virtue of said assignment, nor from taking such action or proceedings and doing such things as may be necessary and proper to carry out the purposes of said assignment."

The court refused to so modify its order, and from such denial this appeal is taken. It seems clear that the assignee was entitled to the granting of this modification. In its present form, the order appointing the temporary receiver, in effect, practically ousts the assignee of his control of the funds of the assigned estate.

He has qualified as assignee, and until the assignment is set aside, or, in an action brought for that purpose, the court stays his control over its funds or substitutes some one for him, his right to the custody of the assets of the assigned estate is complete. It is not possible in such a summary way, and simply by motion, in effect to set aside a general assignment for the benefit of creditors.

The order appealed from must therefore be reversed, with $10 costs and disbursements, and the application to modify the order granted, with $10 costs. All concur.